# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Wichita Falls Division

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: 7:22-CR-00010-O(03) |
| | U.S. Marshal's No.: 93097-509 |
| PARIS HITE KIMBERLING | Shawn Smith, Assistant U.S. Attorney |
| | Matthew Smid, Attorney for the Defendant |

On April 14, 2022 the defendant, PARIS HITE KIMBERLING, entered a plea of guilty as to Count One of the Indictment filed on March 9, 2022. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)) | Conspiracy to Possess with Intent to Distribute a Controlled Substance | 03/01/2021 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Indictment filed on March 9, 2022.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed August 26, 2022.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed August 26, 2022.

## IMPRISONMENT

The defendant, PARIS HITE KIMBERLING, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **ONE HUNDRED FIFTY-ONE (151) MONTHS** as to Count One of the Indictment filed on March 9, 2022. This sentence shall run concurrently with any revocation of the defendant's parole which may be imposed in Case No. 10315.

The Court recommends to the BOP that the defendant be allowed to participate in the Residential Drug Treatment Program, if eligible. The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment at an FCI facility in Fort Worth, Texas that can accommodate his medical issues and participation in the Residential Drug Treatment Program.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FOUR (4) YEARS** as to Count One of the Indictment filed on March 9, 2022.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

( 1 )  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
( 2 )  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
( 3 )  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
( 4 )  You must answer truthfully the questions asked by your probation officer.
( 5 )  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
( 6 )  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
( 7 )  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job

Judgment in a Criminal Case — Page **3** of **4**
Defendant: PARIS HITE KIMBERLING
Case Number: 7:22-CR-00010-O(3)

       responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

( 8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

( 9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

(13) You must follow the instructions of the probation officer related to the conditions of supervision.

    In addition the defendant shall:

    not commit another federal, state, or local crime;

    not illegally possess controlled substances;

    cooperate in the collection of DNA as directed by the probation officer;

    not possess a firearm, ammunition, destructive device, or any dangerous weapon;

    refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

    pay the assessment imposed in accordance with 18 U.S.C. § 3013;

    take notice that if this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment;

    provide to the probation officer complete access to all business and personal financial information; and,

    participate in an outpatient program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

Judgment in a Criminal Case  Page **4** of **4**
Defendant: PARIS HITE KIMBERLING
Case Number: 7:22-CR-00010-O(3)

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal